IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MILTON J. BROWN and GENEVELYN
BROWN,

        Plaintiffs,
vs.                                                        CASE NO. 5:08cv285/RS-AK

J. LYNN, INC. d/b/a JL TRANSPORTATION
and BRUCE G. NICHOLS,

        Defendants.
_____/

## ORDER

      Before me are Plaintiffs' Reply to Defendants' J. Lynn, Inc.'s Answer and Affirmative Defenses And Motion To Strike (Doc. 8) and Plaintiffs' Reply To Defendant Bruce G. Nichols' Answer And Affirmative Defenses And Motion To Strike (Doc. 9). Plaintiffs contend that paragraphs 26, 27, 28, 29, 33 and 36 of Defendants' affirmative defenses should be stricken. Fed. R. Civ. P. 8(c) enumerates nineteen substantive defenses as affirmative defenses but also includes by its residuary clause "any other matter constituting an avoidance or affirmative defense. See *Wright & Miller Federal Practice and Procedure: Civil 3d*, §271-274. "An avoidance of affirmative defense" essentially admits the allegations of the complaint but asserts some issue, other than a denial, which would avoid liability. Often, matters of mitigation are asserted as an avoidance or an affirmative defense, if for no other reason, a simple denial does not appear to suffice. A fair reading of paragraphs 26-33, and affording Defendants the benefit of the doubt at this stage in the case, suggests that the issues raised by those paragraphs could not be

clearly asserted by specific denials. Paragraph 36, however, appears to be no more than a "hedge" or reservation of rights to raise other matters in future, which must be asserted by a motion to amend and would then have to stand on their own merit, regardless of the earlier attempt to "hedge". Paragraph 36 is essentially harmless surplusage.

Plaintiffs' Motions to Strike (Docs. 8 & 9) are **denied**.

**ORDERED** on October 24, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**